## JOHN FISHER v. STATE.

No. A-5586. Opinion Filed Aug. 8, 1927.

(259 Pac. 153.)

Huser & Huser, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J. The plaintiff in error, John Fisher, was convicted on a charge that he did have in his possession a certain still and still worm, and in accordance with the verdict of the jury was sentenced to pay a fine of $300 and serve a term of 90 days in the county jail. To reverse the judgment he appeals.

The following statement of the material facts will answer the purpose of our consideration of the appeal.

The evidence shows that John Fisher was driving an automobile towards Okemah, and that W. A. Parsons, sheriff, and J. A. Roberts, deputy sheriff, meeting the defendant, searched his car and searched his person; they found a boiler in the back of the car, which was covered by a wagon sheet, and found a jar containing a pint of whisky on his person.

The sheriff testified:

"I told him I was sheriff of Okfuskee county, and if he had no objections I would like to look his car over; he said, 'All right' ; that they had no search warrant and no warrant of arrest for him; that he did not remove his pistol from his scabbard on his hip."

J. A. Roberts testified and identified the boiler and a pipe found in the defendant's car, and testified, "That is what I think is a whisky still."

Before the impaneling of the jury the defendant moved to suppress the evidence on the ground that the same was obtained by an unlawful search and seizure, which motion was overruled. At the close of the state's case the defendant moved for a directed verdict of ac-

quittal on the ground that there was no competent testimony offered by the state, which motion was overruled.

Upon the examination of the jurors for qualification, the following question was asked of the juror Miller:

"Mr. Miller, if the evidence in this case should disclose that the officers came up to the defendant and, after disclosing their identity, stated to the defendant that they desired to look over the defendant's property, and that the defendant replied, 'All right, go ahead,' would you consider that evidence as one of the facts to be considered in arriving at whether or not there had been a waiver of the defendant's constitutional privilege and immunity from unreasonable search and seizure? A. I would consider that a waiver."

On cross-examination, his answer to a similar question was:

"I would consider it a waiver of his constitutional rights."

Whereupon the juror was challenged for cause, which challenge was by the court overruled.

Our Constitution guarantees every person accused of crime the right to be tried before a fair and impartial jury. The question as to whether or not the defendant waived his constitutional right was a question of fact to be determined by the jury, and for this reason the juror Miller was clearly incompetent to sit as a juror in the case. It follows that the challenge should have been sustained.

The other questions presented for determination are essentially the same as those considered and determined in the case of Smith v. State, 34 Okla. Cr. 434, 246 P. 1109, and it is argued that, in view of the fact that the sheriff was armed, as the testimony discloses he was, it is the contention of plaintiff in error that he only intended to submit peaceably to the will of the sheriff and

not by his actions, directly or indirectly, waive any of his constitutional rights.

We deem it sufficient to say that on the authority of the decision in the Smith Case, the court erred in overruling defendant's motion for a directed verdict of acquittal.

The judgment is therefore reversed with direction to dismiss.

DAVENPORT, J., concurs.

EDWARDS, J., absent, not participating.